UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br><br>          vs.<br><br>DAVID WALLACE,<br><br>                    Defendant. | 3:13-CR-30050-01-RAL<br><br><br>ORDER DENYING DEFENDANT'S<br>MOTION REGARDING SECURITY<br>DESIGNATION |

Defendant David Wallace has filed a "Motion to Correct Sentence and Judgment," which ultimately requests that this Court modify his Presentence Investigation Report so that, in Wallace's hope, the Bureau of Prisons (BOP) might reclassify him with a different security designation.  Doc. 111.  This Court entered an Order Setting Briefing Schedule on Motion to Correct PSR.  Doc. 112.  The Government responded arguing that Wallace's motion presented a moot issue because the Presentence Investigation Report does not contain the information that Wallace contends it does and because this Court cannot control how BOP classifies an inmate. Doc. 113.  Wallace responded acknowledging that this Court cannot direct BOP to reclassify him, but asserting that this Court can resentence him to home detention instead.  Doc. 117.

Wallace's initial motion was based on a misunderstanding of the content of his presentence investigation report and a misunderstanding of this Court's authority to control how the BOP classifies inmates.  Defendant's motion requested a revision to his Presentence Investigation Report to eliminate reference to any prior conviction for sexual corruption of a

1

minor.  Wallace notes that the Pennsylvania state court in which he was convicted for corruption of a minor struck the sex crime element from his record.

The content of the Presentence Investigation Report is confidential and typically would not find its way into the public record.  Here, however, Wallace has put at issue certain content of his Presentence Investigation Report and argument concerning that report already is in the public CM/ECF filings in this case.

Paragraph 41 of the Presentence Investigation Report dealt with Wallace's 2005 Pennsylvania state court conviction at issue.  Paragraph 41 of the Presentence Investigation Report listed Wallace's 2005 convictions from the Delaware County Court of Common Pleas in Media, Pennsylvania, as "Corruption of Minors" and "Manufacture/Deliver/Possession with Intent to Manufacture or Deliver."  Nothing in the title of the charge indicated that the conviction was for an offense that was sexual in nature.  Paragraph 41 of the Presentence Investigation Report, as is common in such reports, set forth the facts underlying the conviction, including that Wallace provided a sixteen-year-old female with alcohol and at least one controlled substance and that the two of them engaged in various consensual sexual acts over the course of a weekend. Paragraph 53 of the Presentence Investigation Report also mentioned Wallace's 2005 conviction for Corruption of Minors.  Paragraph 53 stated:

> The defendant pleaded guilty to Corruption of Minors; however, an error in his plea agreement from his lawyer resulted in him pleading guilty to a sex crime.  The defendant reported he was supposed to plead guilty to Corruption of Minors as a drug crime; however, he instead pleaded to a sex crime . . . .  In 2008 . . . **the Superior Court of Pennsylvania struck the sex crime element from his record**.

(Emphasis added).  Therefore, the Defendant's request to "correct the language of the judgment, sentence, and pre-sentence report in the above captioned matter . . . to remove from his record all

references to sexual corruption of a minor" is moot in that the Presentence Investigation Report does not refer to "sexual corruption of a minor" and explains what happened regarding his 2005 Pennsylvania state court conviction.

Wallace's request to have this Court change his BOP security classification seeks to have this Court intrude on a decision that Congress has committed to BOP's discretion. As set forth in 18 U.S.C. § 3621(b):

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau . . . that the Bureau determines to be appropriate and suitable, considering—
>
> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence—
>     (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>     (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
>
> . . . . Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.

18 U.S.C. § 3621(b). Thus, a district court may make a recommendation to BOP, but that recommendation is not binding on BOP. 18 U.S.C. § 3621(b); see United States v. Creed, 897 F.2d 963, 964 (8th Cir. 1990).

In his reply, Wallace seems to concede that this Court cannot change his BOP security status, but asserts that this Court ought then to resentence him to home detention. Doc. 117. Unlike many state courts, federal district courts have very limited authority to resentence

criminal defendants.   See United States v. White Bull, 646 F.3d 1082, 1096 (8th Cir. 2011) (generally "a sentencing court cannot alter the sentence of a criminal defendant after that defendant has already begun serving his sentence"); United States v. McGranahan, 168 F. App'x 934, 936-937 (11th Cir. 2006) (per curiam) (explaining limited circumstances under which sentencing court can modify a prior sentence).  Here, this Court separately is entering an order granting Wallace a sentence reduction based on 18 U.S.C. § 3582(c)(2), United States Sentencing Guidelines § 1B1.10, and a separate motion to reduce the length of Wallace's sentence under the "drugs minus 2" amendments.  Docs. 116, 119.  Otherwise, however, this Court lacks the authority to resentence Wallace, even if the Court were inclined to do so.

Therefore, for good cause, it is hereby

ORDERED that Defendant's "Motion to Correct Sentence and Judgment," Doc. 111, is denied.

DATED this 30th day of July, 2015.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE

4